UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRYAN TROUTEN, | Civil No. 1:22-cv-00696 |
| Plaintiff, | |
| | HON. ROBERT J. JONKER |
| *v.* | |
| BALLOTPEDIA, | **MOTION TO DISMISS COMPLAINT** |
| Defendant | |

Defendant Ballotpedia moves to dismiss the Complaint under Rule 12(b)(6) of the Rules of Civil Procedure.

Ballotpedia sought concurrence on 29 July 2022, as required under Local Civil Rule 7.1(a), by telephone through one of its attorneys, Jennifer A. Dukarski.  Civil Rule 7.1(a) (WD Mich. 2022).  Plaintiff Bryan Trouten informed counsel that he opposes the relief requested in this motion.

Respectfully submitted,

BUTZEL LONG, P.C.

/s/ JOSEPH E. RICHOTTE  P70902

JOSEPH E. RICHOTTE (P70902)
JENNIFER A. DUKARSKI (P74257)
BARRETT R.H. YOUNG (P78888)
Columbia Center
201 W. Big Beaver Rd. #1200
Troy, MI  48084
(248) 258-1616
richotte@butzel.com
dukarski@butzel.com
youngb@butzel.com
*Counsel for Defendant Ballotpedia*

Dated:  2 August 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN TROUTEN,

       Plaintiff,

*v.*

BALLOTPEDIA,

       Defendant

Civil No.  1:22-cv-00696

HON. ROBERT J. JONKER

**MOTION TO DISMISS COMPLAINT**

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ........................................................................................ 3

THE PARTIES ......................................................................................................... 5

INTRODUCTION ..................................................................................................... 5

STANDARD OF DECISION...................................................................................... 5

ARGUMENT............................................................................................................ 6

     I.    *Choice of law*:  Michigan law governs this dispute ............................ 6

     II.    *Failure to state a claim*:  Trouten has not pleaded a plausible claim of
         defamation ...................................................................... 6

PRAYER FOR RELIEF ............................................................................................ 9

CERTIFICATE OF COMPLIANCE .......................................................................... 10

# INDEX OF AUTHORITIES

*Cases*

*Bhan v. Battle Creek Health Sys.,*
579 F. Appx. 438 (CA6 2014).................................................................................7

*Bose Corp. v. Consumers Union,*
466 U.S. 485 (1984) ..............................................................................................6

*Doe v. Michigan State Univ.,*
989 F.3d 418 (CA6 2021) .....................................................................................9

*Gass v. Marriott Hotel Servs., Inc.,*
588 F.3d 419 (CA6 2009) .....................................................................................6

*Gonyea v. Motor Parts Fed. Credit Union,*
192 Mich. App. 74 (1991) ....................................................................................7

*Kefgen v. Davidson,*
241 Mich. App. 611 (2000) ..................................................................................8

*Lewis v. Weidenfeller,*
175 Mich. 296 (1913) ...........................................................................................8

*Lindke v. Tomlinson,*
31 F.4th 487 (CA6 2022) ......................................................................................5

*Monitor Patriot Co. v. Roy,*
401 U.S. 265 (1971)...............................................................................................8

*Northland Wheels Roller Skating Ctr. v. Detroit Free Press,*
213 Mich. App. 317 (1995) ..................................................................................6

*Parker v. Aetna Life & Cas.,*
791 F. Supp. 175 (WD Mich. 1991)......................................................................9

*Rosenboom v. Vanek,*
182 Mich. App. 113 (1989) ..................................................................................8

*Smith v. Anonymous Joint Enter.,*
487 Mich. 102 (2010) ...........................................................................................8

*Smith v. Fergan,*
181 Mich. App. 594 (1989) ..................................................................................8

*Thomas M. Cooley Law Sch. v. Doe*,
    300 Mich. App. 245 (2013) ........................................................................ 7

**Statutes**

Mich. Comp. Laws §168.134 ..................................................................... 8

**Rules**

Civil Rule 7.1 (WD Mich. 2022) ............................................................... 5

Fed. Rule Civ. Proc. 9 ................................................................................ 9

Fed. Rule Civ. Proc. 81 .............................................................................. 7

**Other Authority**

Restatement (Second) of Torts §568 (1977) ............................................... 6

Defendant Ballotpedia submits this brief in support of its motion to dismiss the Complaint.  Civil Rule 7.1(a) (WD Mich. 2022).

## THE PARTIES

Plaintiff Bryan Trouten is seeking election to the House of Representatives as a write-in candidate in the Republican primary to represent Michigan's fifth congressional district.

Ballotpedia is a 503(c)(3) charitable nonprofit organization that provides a digital encyclopedia of American politics and elections.

## INTRODUCTION

This is a defamation action by a public figure who claims he has been damaged in the amount of $5 million because Ballotpedia listed him as an inactive candidate after the Michigan Department of State released an official candidate list without his name on it. When Trouten informed Ballotpedia that he was an active write-in candidate, Ballotpedia updated its encyclopedia to reflect that status.  In his Complaint, he claims that he has "received a great deal of backlash on this costly mistake," which "continues to harm his reputation going forward into the 2022 primary election," but he does not allege the nature of the purported backlash, how his reputation was harmed, or why his reputation will supposedly continue to suffer despite the correction.  Compl. ¶5, PageID.6.

## STANDARD OF DECISION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Lindke v. Tomlinson*, 31 F.4th 487, 495–496 (CA6 2022) (cleaned up).  "This plausibility standard requires the plaintiff to plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*, at 496 (cleaned up).

## ARGUMENT

### I.  <u>Choice of law</u>:  **Michigan law governs this dispute.**

Trouten alleges that the laws of the State of Wisconsin apply, presumably because Ballotpedia is headquartered in there.  Compl. ¶2, PageID.6.  Ballotpedia contends that Michigan law governs.  A federal court exercising diversity jurisdiction must apply the forum state's choice-of-law rules to select the applicable state substantive law.  *Gass v. Marriott Hotel Servs., Inc.*, 588 F.3d 419, 425 (CA6 2009).  Under Michigan's choice-of-law rules, Michigan law applies to tort claims brought by Michigan residents in Michigan courts.  *Ibid.*  Trouten asserts a tort claim for defamation, he is a Michigan resident, and he first filed in a Michigan court.  Compl., PageID.6.  The Court should therefore apply Michigan law to resolve this dispute.

### II.  <u>Failure to state a claim</u>:  **Trouten has not pleaded a plausible claim of defamation.**

Trouten styles this lawsuit as one for "defamation as well as Libel and/or slander[]." Compl. ¶5, PageID.6.  He does not appreciate that libel and slander are the two species of defamation.  Libel is defamation published in writing, while slander is defamation by the spoken word or gestures.  Restatement (Second) of Torts §568 (1977).  For our purposes, the method of publication is irrelevant.  A claim for defamation lies when a defendant, with the constitutionally applicable level of fault, publishes—orally or in writing—an unprivileged statement of fact that is false, defamatory, and "of and concerning" the plaintiff, if the plaintiff is damaged by the publication.  *Northland Wheels Roller Skating Ctr. v. Detroit Free Press*, 213 Mich. App. 317, 323 (1995).

Because defamation claims implicate freedom of speech, courts have a heightened duty to review the sufficiency of defamation claims.  *Bose Corp. v. Consumers Union*, 466 U.S. 485, 499 (1984).  Michigan courts fulfill this duty by requiring plaintiffs to plead: (1) the defamatory words and the facts that, if established, would prove those words are false; (2) the facts identifying the publication of those words to another; (3) the level of fault and

the facts showing that the speaker acted with that level of fault; and (4) the harm suffered by the publication.  *Gonyea v. Motor Parts Fed. Credit Union*, 192 Mich. App. 74, 76–77 (1991).  By holding plaintiffs to this heightened pleading standard—heightened, at least, in comparison to the old "no set of facts" standard that still prevails in Michigan—courts can resolve several questions of law on the pleadings, including whether a statement is capable of being defamatory; the nature of the speaker and the level of constitutional protections afforded to the statement; and whether actual malice exists, if the plaintiff is required to show that level of fault.  *Thomas M. Cooley Law Sch. v. Doe*, 300 Mich. App. 245, 342 (2013).  Although state pleading standards do not apply in removed cases, Fed. Rule Civ. Proc. 81(c)(1), Ballotpedia contends that Michigan's standards are, in substance, the federal plausibility standard viewed through the lens of the First Amendment.  From that perspective, the Complaint does not plausibly plead a claim for defamation that could pass constitutional muster for at least four reasons.

First, one of the "essential" elements of a defamation claim under Michigan law is alleging "*in the Complaint*" the "exact language that the plaintiff contends is defamatory." *Bhan v. Battle Creek Health Sys.*, 579 F. Appx. 438, 466 (CA6 2014) (emphasis in original). Trouten has not identified the exact language he contends is defamatory.  He alleges only that Ballotpedia withdrew the name of his campaign from its website: "The website called Ballotpedia has withdrew [sic] the 'Bryan Trouten for United States House of Representatives Campaign' on there [sic] website."  Compl. ¶3, PageID.6.  This is not sufficient to meet the exact language requirement.

Second, even assuming *arguendo* that Trouten intended to allege that Ballotpedia erroneously stated that he had withdrawn his candidacy, that would not be a statement of fact capable of defamatory meaning.  "A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Smith v. Anonymous Joint Enter.*,

487 Mich. 102, 113 (2010).  The Complaint says "Ballotpedia has withdrew [sic] the 'Bryan Trouten for United States House of Representatives Campaign' on there [sic] website." Compl. ¶3, PageID.6.  The Court should rule that publishing a statement, without commentary, that a person seeking nomination as a political party's candidate for Congress has withdrawn from the race is not defamatory as a matter of law.  Such a person may withdraw from a congressional race for any reason or no reason up to three days after the last day for filing nominating petitions.  Mich. Comp. Laws §168.134.  Absent commentary about why the person withdrew, there is objectively nothing said which could lower the person's estimation in the community or deter others from associating or dealing with him.[1]

Third, Trouten has not identified the constitutionally required level of fault or pleaded facts showing that Ballotpedia acted with that level of fault.  There are two levels of fault: negligence and actual malice.  The actual malice standard applies to public figures, which include candidates for public office like Trouten.  *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 271 (1971).  Trouten must, therefore, plead facts that, if taken as true, would prove Ballotpedia knowingly made a false statement or that it made a false statement with reckless disregard for the truth—*i.e.*, that Ballotpedia actually entertained serious doubts about the truth of the statements published.  *Smith*, 487 Mich., at 114; *Kefgen v. Davidson*, 241 Mich. App. 611, 624 (2000); *Smith v. Fergan*, 181 Mich. App. 594, 597 (1989); *Rosenboom v. Vanek*, 182 Mich. App. 113, 118 (1989).  Yet the Complaint does not identify the correct standard or plead any facts to support the existence of actual malice.  See Compl., PageID.6.

---

[1]  For an example of commentary that *could* support a defamation claim, see *Lewis v. Weidenfeller*, 175 Mich. 296 (1913), where the Supreme Court of Michigan allowed a claim for defamation to proceed when, the defendant, who was seeking nomination as a candidate for election to the state legislature, falsely told the public that his competitor had dropped out of the race *and offered to throw his support to the defendant in exchange for $200.00*—about $6,000 today—because that commentary conveyed that his competitor was corrupt and was "clearly calculated to injure [his] good reputation."  *Id.*, at 304.

Finally, Trouten has not pleaded damages with specificity.  Under Michigan law, plaintiffs "must specifically plead that the alleged defamation was actionable irrespective of special damages (defamation *per se*) or that it caused special damages (defamation *per quod*)."  *Parker v. Aetna Life & Cas.*, 791 F. Supp. 175, 178 (WD Mich. 1991).  Items of special damages must be "specifically stated."  *Ibid.*  See also Fed. Rule Civ. Proc. 9(g).  Trouten's generic averments of a "backlash" and "harm [to] his reputation" do not satisfy the specificity requirement.

## PRAYER FOR RELIEF

The Court should dismiss the Complaint with prejudice because leave to replead would be futile.  *Doe v. Michigan State Univ.*, 989 F.3d 418, 427 (CA6 2021) (leave to amend may be denied when the amended pleading would not withstand a motion to dismiss).  Even if Trouten could muster a more fulsome recitation of facts on the elements of fault and damages cannot change the fact that the alleged misstatement is not capable of defamatory meaning.  If, however, the Court permits amendment, it should direct Trouten to conform an amended complaint to the form required under Rule 10(b) of the Rules of Civil Procedure.

Respectfully submitted,

BUTZEL LONG, P.C.

Dated:  2 August 2022

/s/ JOSEPH E. RICHOTTE  P70902
_____

JOSEPH E. RICHOTTE (P70902)
JENNIFER A. DUKARSKI (P74257)
BARRETT R.H. YOUNG (P78888)
Columbia Center
201 W. Big Beaver Rd. #1200
Troy, MI  48084
(248) 258-1616
richotte@butzel.com
dukarski@butzel.com
youngb@butzel.com
*Counsel for Defendant Ballotpedia*

## CERTIFICATE OF COMPLIANCE

This brief complies with Local Civil Rule 7.2(b).  It consists of 1,520 countable words, as calculated by Microsoft Word for Office 365 ProPlus.

Respectfully submitted,

BUTZEL LONG, P.C.

Dated:  2 August 2022

/s/ JOSEPH E. RICHOTTE P70902

JOSEPH E. RICHOTTE (P70902)
JENNIFER A. DUKARSKI (P74257)
BARRETT R.H. YOUNG (P78888)
Columbia Center
201 W. Big Beaver Rd. #1200
Troy, MI  48084
(248) 258-1616
richotte@butzel.com
dukarski@butzel.com
youngb@butzel.com
*Counsel for Defendant Ballotpedia*