UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN TROUTEN,

        Plaintiff,                        Hon. Robert J. Jonker

v.                                  Case No. 1:22-cv-696

BALLOTPEDIA,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss.   (ECF No. 4). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action on June 15, 2022, in 45th Circuit Court in Centreville, Michigan.   (ECF No. 1, PageID.6-8).   In his complaint, Plaintiff alleges that Ballotpedia "has withdrew the 'Bryan Trouten for United States House of Representatives Campaign' on their website."   Plaintiff alleges that this action constitutes libel and/or defamation under state law.   Plaintiff seeks $5,000,000.00 in damages.   Defendant subsequently removed the action to this Court and now moves to dismiss Plaintiff's complaint for failure to state a claim on which relief may be granted.

-1-

Plaintiff has responded to Defendant's motion.   The Court finds that oral argument is unnecessary.   *See* W.D. Mich. LCivR 7.2(d).

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief.   *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*.
> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to legal
> conclusions. Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not
> suffice. . .Rule 8 marks a notable and generous departure from
> the hyper-technical, code-pleading regime of a prior era, but it
> does not unlock the doors of discovery for a plaintiff armed
> with nothing more than conclusions.    Second, only a
> complaint that states a plausible claim for relief survives a
> motion to dismiss. . .Determining whether a complaint states
> a plausible claim for relief will, as the Court of Appeals
> observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common
> sense. But where the wellpleaded facts do not permit the court
> to infer more than the mere possibility of misconduct, the
> complaint has alleged – but it has not "show[n]" – "that the
> pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

### I.    Choice of Law

Removal of a state court action to federal district court is proper if: (1) the court

to which the matter is removed is within the district and division where the state court

action is pending, and (2) the federal district court can exercise original subject-matter

jurisdiction over the matter.   *See* 28 U.S.C. § 1441(a).   Both requirements are satisfied

here.   Plaintiff initiated this action in a state court located within the Southern Division

of the Western District of Michigan.   Plaintiff's claim is asserted under state law, the

parties are diverse, and the amount in controversy is more than $75,000.   Thus, the

Court can exercise diversity jurisdiction in this matter.   *See* 28 U.S.C. § 1332(a).

A federal court sitting in diversity "must apply the choice-of-law rules of the forum state." *Stone Surgical, LLC v. Stryker Corp.*, 858 F.3d 383, 389 (6th Cir. 2017) (citation omitted). Under Michigan's choice of law rules, Michigan law governs an action unless there exists a "rational reason to do otherwise." *Sutherland v. Kennington Truck Service, Ltd.*, 562 N.W.2d 466, 471 (Mich. 1997). To assess whether there exists a rational reason to displace Michigan law, the Court undertakes a two-part analysis. The Court must first determine whether any other state has an interest in having its law applied. If no state has such an interest, Michigan law is applied. However, if another state has an interest in having its law applied, the Court must determine if "Michigan's interests mandate the Michigan law be applied, despite the foreign interests." *Ibid.*

Plaintiff is a Michigan resident and the damage he allegedly suffered as a result of Defendant's conduct occurred in Michigan. The only connection to another state is that Defendant is a Wisconsin resident. The Court finds that such does not constitute a rational or sufficient reason to apply Wisconsin law. Accordingly, the Court will apply Michigan substantive law to Plaintiff's claim.

## II.    Analysis

As noted above, Plaintiff alleges that Defendant's actions constitute libel and/or defamation. Under Michigan law, the elements of libel and defamation are the same: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting to at least negligence on the part of

the publisher; and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication. *Mitan v. Campbell*, 706 N.W.2d 420, 421 (Mich. 2005) (defamation); *Locricchio v. Evening News Association*, 476 N.W.2d 112, 116 (Mich. 1991) (libel).

It must first be noted that Plaintiff does not allege that Defendant made any false or defamatory statement concerning him.   Instead, Plaintiff alleges that Defendant merely removed information from its website concerning him.   Defendant argues that Plaintiff's claim fails the first element.   But Plaintiff further alleges that, by removing the information in question from its website, Defendant was falsely "claiming that [Plaintiff] withdrew his campaign."   Thus, Plaintiff asserts that Defendant's actions implied, falsely, that Plaintiff had withdrawn his campaign.

Michigan recognizes a cause of action for defamation by implication.   *See Reighard v. ESPN, Inc.*, - - - N.W.2d - - -, 2022 WL 1513112 at *5 (Mich. Ct. App., May 12, 2022).   To prevail on such a claim, Plaintiff must establish that the defamatory implication is "materially false."   *Ibid.*   Plaintiff alleges that he did not withdraw his candidacy for the U.S. House of Representatives and, moreover, that he timely submitted with the State of Michigan the paperwork necessary to be considered a write-in candidate.   Thus, contrary to Defendant's arguments, Plaintiff's allegations satisfy the initial element of the analysis.[1]

---

[1] Defendant asserts that it merely "listed [Plaintiff] as an inactive candidate after the Michigan Department of State released an official candidate list without [Plaintiff's] name on it."   (ECF No. 4, PageID.16).   Defendant further asserts that "[w]hen Trouten

Plaintiff's claim nevertheless fails because the implication that Plaintiff withdrew his candidacy for the U.S. House of Representatives is simply not defamatory because it does not tend to harm Plaintiff's reputation or deter third persons from associating with Plaintiff. *See, e.g., Kevorkian v. American Medical Association*, 602 N.W.2d 233, 236-38 (Mich. Ct. App. 1999) (the court "may determine, as a matter of law, whether a statement is actually capable of defamatory meaning").

Plaintiff's claim fails for a second reason as well. Because Plaintiff was a candidate for public office, he is considered, for present purposes, a public figure. *See, e.g., Monitor Patriot Co. v. Roy*, 401 U.S. 265, 271 (1971); *Jersevic v. WTCF/Fox*, 2000 WL 33521036 at *2 (Mich. Ct. App., Mar. 31, 2000); *Moore v. Cecil*, 488 F.Supp.3d 1144, 1161-62 (N.D. Ala. 2020). As such, Plaintiff must establish that Defendant acted with "actual malice" or "with knowledge that [its implied statement] was false or with reckless disregard of whether it was false or not." *Moore*, 488 F.Supp.3d at 1162; *see also, Jersevic*, 2000 WL 33521036 at *2. Plaintiff has failed to allege any facts which, if proven, would satisfy this standard. Thus, Plaintiff's claim fails, in the alternative, for this reason.

---

informed Ballotpedia that he was an active write-in candidate, Ballotpedia updated its encyclopedia to reflect that status." (*Id.*). These assertions are not supported by any evidence and go beyond the scope of a motion asserted under Federal Rule of Civil Procedure 12(b)(6). The Court has, therefore, disregarded the assertions in question. If Defendant wanted to present evidence and argue that it is entitled to relief as a matter of law, it should have asserted a motion under Federal Rule of Civil Procedure 56.

In his response to the present motion, Plaintiff fails to present any argument, or identify any authority, in opposition to Defendant's motion.   Rather, Plaintiff merely states, "I didn't want to[o] much information about my case being exposed to the defense, because I actually have material facts as well as many other factual evidence that are deemed troublesome to this case."   (ECF No. 7, PageID.24).   This vague, unsworn statement fails to advance Plaintiff's position.   Plaintiff further states, "I want to end with this" and requests that he be permitted to "express [his] side of the case in person" because "[i]t will definitely provide the material needed in understanding the case a little better. . . ."   (*Id.*).   The Court appreciates Plaintiff's desire to be heard, but Plaintiff has presented no argument or authority suggesting that oral argument would assist the Court in determining the legal sufficiency of the allegations in Plaintiff's complaint.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 4) be granted and this action terminated.   For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 27, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge